## DEGEA AKTIENGESELISCHAFT (AUER-GESELLSCHAFT) et al. v. COE, Commissioner of Patents.

### No. 66053.

District Court of the United States for the District of Columbia.

Aug. 5, 1940.

Roberts B. Larson, of Washington, D. C., for plaintiffs.

W. W. Cochran, of Washington, D. C., for defendant.

MORRIS, Associate Justice.

These proceedings were brought under Section 4915 of the United States Revised Statutes, 35 U.S.C.A. § 63. On June 15, 1933, the plaintiff, Franz Weidert, filed in the United States Patent Office an application, designated as Serial No. 695,953, containing claims of invention or discovery of a composition of a kind of glass, which has the property of enhancing or vivifying colors viewed through the glass or lighted from an artificial source of illumination where such artificial light passes through such glass. The claims in controversy were numbered 33–35, 39 and 43–50, of which claims 33, 34, 36–42 and 44–50 relate to glass for artificial illumination and claims 35–43 relate to glass for viewing through. The critical factor of plaintiff's contention is that the desired effect of causing the colors of objects to appear more vivid can be accomplished when the glass, through which the artificial illumination passes, contains neodymium oxide in the concentration indicated by the formula $C=\frac{O}{d}$, where C is the amount of neodymium oxide per unit of glass volume, d the thickness of the glass article, and O the amount of neodymium oxide per square centimeter of irradiated surface of such article, the value of O being at least .002 grams; and where the glass is used as spectacles, or other similar optical instruments through which to view objects, such glass shall have incorporated therein neodymium oxide in a concentration indicated by the formula $C=\frac{O}{d}$, where C is the amount of neodymium oxide per unit of glass volume, d the thickness of the resulting glass article, and O the amount of neodymium oxide per square centimeter of irradiated surface of such article, the value of O being at least .05 grams. Other claims involved relate to the incorporation of certain auxiliary coloring matter which will have additional vivifying effect as to certain colors when used in connection with the glass containing neodymium oxide in the proportions already stated. All of these claims were rejected by the examiner in the Patent Office, and upon appeal, the Board of Appeals of the United States Patent Office affirmed the action of the examiner.

The plaintiff sought, before the Board of Appeals, the consideration of amended claims, numbered 51–52, the former being a process method, and the latter being a product of the glass having the neodymium oxide stated in the original claim, but in which was fixed not only the minimum of .002 grams of that substance, but a maximum of .0154+ grams for glass used in connection with artificial illumination, and not only a minimum of .05 grams neodymium oxide, but a maximum of .3 grams of that substance for glass used for viewing through, or in connection with sources of artificial light more intense than ordinary artificial light. The other claims relating to the addition of auxiliary coloring matter were also sought to be modified so as to refer to the claims incorporating the maximum quantities of neodymium oxide. The Board of Appeals did not consider or act upon the claims as so modified, presumably because such Board did not have the advantage of consideration of such claims by the primary examiner. They must, therefore, be considered to have been rejected.

The basis for the rejection of the original claims is that the application here involved does not show any invention or discovery beyond that reflected in prior patents and already known to the prior art. It is recognized and stated in publications prior to the application under consideration that the vivification of colors is accomplished by the filtering property of optical glass in that such glass, which has the property of absorbing the transition colors between basic colors, intensifies such basic colors. It has also been ascertained that the presence of neodymium oxide in

the composition of such optical glass gives this result.[1]

In patent No. 1,681,704, issued August 21, 1928, to Robert J. Montgomery, a composition of glass having 12 per cent of commercial didymium oxide, which glass had the property of a high degree of absorption at the D line of the visible spectrum and cuts out, almost entirely, objectionable yellow light. It was stated in that patent application, which was filed April 16, 1923, as follows: "It is exceedingly difficult to determine the exact chemical formula of what is known as 'commercial didymium oxide' which I have used with success. This material was obtained by me from the manufacturer, Lindsay Light Company of Chicago, Ill. and is stated to be largely didymia but contains small amounts of lanthanum, erbium, samarium and other rare earth metals. It is supposed that didymia is composed of about $\frac{2}{3}$ neodymium and $\frac{1}{3}$ praseodymium, and therefore it is impossible to give a formula that will exactly represent the material used."

It has been shown, by stipulation, in the instant case (plaintiff's exhibit 12) that the testimony of Charles R. Lindsay, III, if he appeared as a witness, would be that the commercial didymium oxide sold to the patentee Montgomery was according to a certain formula in which 32 per cent constituted neodymium oxide. It thus appears that didymium oxide used in the composition of glass covered by the Montgomery patent exceeded the minimum quantities called for in the claim of the plaintiff with respect to glass for artificial illumination, although it did not amount to the minimum called for in the claim of the plaintiff with respect to the glass for viewing through. Certainly, with respect to the glass for artificial illumination, there can be no discovery or invention disclosed by the plaintiff. With respect to the glass for articles through which objects are to be viewed, it is the conclusion of the Patent Office that what the plaintiff has disclosed in the application here under consideration, as distinguished from that disclosed in the Montgomery patent, is only the adding of more neodymium oxide, and this is only a matter of degree and is not patentable.

I am inclined to the view that the plaintiff would stand on stronger ground if his formula for the composition of the glass under consideration more explicitly fixed the quantities of neodymium oxide which should be used rather than a formula which has little more certainty, even though somewhat larger quantities, than the composition embodied in the Montgomery patent. I, therefore, do not feel justified in holding that the action of the Commissioner of Patents in rejecting the claims here involved was erroneous. There can be no reasonable basis for the claims that there is invention or discovery in the principle asserted by plaintiff that the effective quantities of neodymium oxide should be related to the irradiated surface regardless of the thickness. This principle is clearly disclosed in previous patents. The complaint will be dismissed.

[1] Translation of Austrian patent No. 126,283, glass 42 h, to the firm: Deutsche Gasgluhlicht—Auer—Gesellschaft m.b.H. of Berlin, applied for September 24, 1929, priority claimed from date of filing in Germany December 15, 1928, beginning of the patent life August 15, 1931, published January 11, 1932.